UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joseph Petersmark,

        Petitioner,                       Case Number: 24-11464
                                                    Honorable F. Kay Behm

v.

John Christiansen,

        Respondent.
_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION
TO CONSOLIDATE (ECF No. 10), DISMISSING CASE WITHOUT
PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Joseph Petersmark, currently in the custody of the Michigan Department of Corrections, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the Court is Respondent's Motion to Consolidate. For the reasons discussed, the Court will deny the motion, dismiss the petition without prejudice, and decline to issue a certificate of appealability.

I.

In 2018, Petersmark pleaded no contest in Oakland County Circuit Court, Case No. 2018-265948-FH, to one count of extortion, Mich. Comp. Laws § 750.213. He was sentenced to 37 months to 20 years in prison.

In April 2024, Petersmark filed a federal habeas corpus petition challenging the extortion conviction. *Petersmark v. Christiansen*, No. 24-11139. In June 2024,

Petersmark filed the instant petition for habeas corpus relief.[1] This second petition challenges the same extortion conviction challenged in the first petition, albeit on different grounds.

A petitioner may not challenge the same conviction and sentence in two cases. *See, e.g.*, *Gamet v. Howard*, No. 23-CV-11102, 2023 WL 5001449, at *1 (E.D. Mich. Aug. 4, 2023). The case will be dismissed without prejudice because it is duplicative of the earlier-filed case. *Jessie v. Michigan Att'y Gen.*, No. 23-11471, 2024 WL 2839278, at *2 (E.D. Mich. May 13, 2024).

The dismissal of this case as duplicative of Case No. 24-11139 moots Respondent's motion to consolidate.

**II.**

Before a petitioner may appeal the dismissal or denial of a habeas corpus petition, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, in order to be entitled to a certificate of appealability, a petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable

---

[1] This case was originally assigned to the Honorable Robert J. White. The matter was transferred to the undersigned district judge as a companion to Case Number 24-cv-11139. *See* Order Regarding Reassignment of Companion Case (ECF No. 11).

jurists would not debate the correctness of the Court's procedural ruling. The Court therefore denies a certificate of appealability.

### III.

For the reasons explained above, the Court **DISMISSES** the case without prejudice and **DENIES** a certificate of appealability.

The Court further **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal from this non-prejudicial dismissal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

The Court further **DENIES** Respondent's Motion to Consolidate (ECF No. 10) as moot.

**SO ORDERED.**

Date: December 10, 2024

s/F. Kay Behm
F. Kay Behm
United States District Judge